# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 14-01880-VAP (SPx)                    Date:  February 26, 2015

Title:      MARK SOHMER, ETC., ET AL -*v*- OCWEN LOAN SERVICING, ET AL
===============================================================
PRESENT:         HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                                      DEFENDANTS:

       None                                        None

PROCEEDINGS:         MINUTE ORDER GRANTING MOTIONS TO DISMISS
                     (DOC. NOS. 16 & 28) (IN CHAMBERS)

        Defendant JP Morgan Chase Bank, N.A. ("Chase") filed a Motion to Dismiss
First Amended Complaint on January 12, 2015 (Doc. No. 16 ("Chase Motion")), and
the remaining Defendants -- Ocwen Loan Servicing, LLC; Western Progressive
Trustee, LLC; U.S. Bank National Association; and Mortgage Electronic Registration
Systems, Inc. (collectively "Ocwen") -- filed a Motion to Dismiss on January 26, 2015
(Doc. No. 28 ("Ocwen Motion")).  The Court finds both Motions appropriate for
resolution without a hearing, and accordingly, VACATES the March 2, 2015 hearing.
<u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of,
and in opposition to, the Motions, the Court GRANTS both Motions, and GRANTS
leave to amend.

EDCV 14-01880-VAP (SPx)
MARK SOHMER, ETC., ET AL v. OCWEN LOAN SERVICING, ET AL
MINUTE ORDER of February 26, 2015

# I. BACKGROUND

## A.    Procedural History

Plaintiffs Mark Sohmer and Carnetta McGhee, appearing in <u>pro se</u>, filed this lawsuit on September 9, 2014.  (Doc. No. 1.)  On December 23, 2014, they filed a First Amended Complaint.  (Doc. No. 14 ("FAC").)  In general, Plaintiffs allege the nonjudicial foreclosure of the property located at 232 Zolder Street, Hemet, California 92544 was wrongful.  (<u>Id.</u> ¶¶ 13, 17.)

Both Plaintiffs filed an Opposition on January 12, 2015.  (<u>See</u> Doc. No. 24 ("1-12 Opp.").)  It argued the Court should not grant a motion to dismiss because trial has not occurred.  (<u>Id.</u>)  Mr. Sohmer alone filed another Opposition on February 9, 2015.  (<u>See</u> Doc. No. 30 ("2-9 Opp.").)  Mr. Sohmer alone filed a final Opposition on February 19, 2015.  (Doc. No. 36 ("2-19 Opp.").)  The February Oppositions fail to address the arguments in the Motions.

## B.    Request for Judicial Notice

Along with its Motion, Chase filed a Request for Judicial Notice of six documents.  (Doc. No. 17 ("RJN").)   These documents all pertain to the relevant property and were all recorded in the Official Records of Riverside County.  Plaintiffs have not opposed or otherwise contested Chase's request, and have not questioned the documents' authenticity.  Accordingly, the Court GRANTS the RJN.  <u>See</u> <u>Velasquez v. GMAC Mortg. Corp.</u>, 605 F. Supp. 2d 1049, 1057 (C.D. Cal. 2008) (taking judicial notice of similar documents).  One of the documents in the RJN is the Deed of Trust for the property located at 232 Zolder Street, Hemet, CA 92544, recorded on January 26, 2007, in the Riverside County Recorder's Office as Document Number 2007-0062480.  (RJN, Exh. 1 ("DOT").)  The DOT lists only Carnetta McGhee as a borrower -- Mr. Sohmer's name does not appear.  (<u>Id.</u>)

# II. DISCUSSION

## A.    The Court DISMISSES Mr. Sohmer

Mr. Sohmer is not identified on the DOT as one having an interesting in the property.  The FAC contains no allegations explaining his relationship to Ms. McGhee, who is alone listed on the DOT as the borrower.

EDCV 14-01880-VAP (SPx)
MARK SOHMER, ETC., ET AL v. OCWEN LOAN SERVICING, ET AL
MINUTE ORDER of February 26, 2015

Mr. Sohmer's only connection to this action seems to be his desire to represent Ms. McGhee.  (See FAC at 5 ("Mrs. Carnetta McGhee is an 82 year old woman . . . [and] I am not going to burden her with any of the added pressures of this case.  Mrs. McGhee fully agrees with/to this.").  Both Mr. Sohmer and Ms. McGhee, however, are appearing in pro se.

First, Mr. Sohmer lacks standing to bring this suit because he is not alleged to have suffered any injury in fact by the alleged wrongful foreclosure: he does not allege any relationship to either the property or to Ms. McGhee.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Furthermore, "[i]t is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citing McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1996)).  The Central District of California's Local Rules further clarify that only an attorney may represent another person in court: "an appearance before the Court on behalf of another person . . . may be made only by members of the Bar of this Court."  L.R. 83-2.1.1.1.  Mr. Sohmer is not a member of the Bar of this Court, and he may not represent Ms. McGhee in this suit.  Accordingly, the Court GRANTS the Motions and DISMISSES Mr. Sohmer.

## B.   The Court GRANTS Both Motions Because They Are Unopposed

Plaintiffs have filed three Oppositions to the two Motions, but two are signed only by Mr. Sohmer (who does not have standing to bring this suit), and none of the Oppositions address the arguments raised in the Motions.  They consist of various asides, rambling, and incoherent thoughts.  The Opposition signed by Ms. McGhee simply argues the Court should deny the Motion because trial has not yet commenced.  (See 1-12 Opp.)  The Court therefore deems Plaintiff Carnetta McGhee to have consented to the granting of the Motions.  See, e.g. Tollette v. JPMorgan Chase Bank NA, No. 13-4272, 2014 WL 222030, at *3 & 4 (C.D. Cal. Jan. 21, 2014) (dismissing claims because plaintiff failed to oppose defendants' arguments in the motion).  The Court therefore GRANTS both Motions.

EDCV 14-01880-VAP (SPx)
MARK SOHMER, ETC., ET AL v. OCWEN LOAN SERVICING, ET AL
MINUTE ORDER of February 26, 2015

## C.    Leave to Amend

If the Court determines that a complaint or certain claims should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).  When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id. at 1130 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)).  Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

Because the Court does not reach the merits of the Motions at this stage, it GRANTS Ms. McGhee leave to file an amended complaint.  Mr. Sohmer may only join as a plaintiff in the amended complaint in his own capacity if he alleges facts to show he has standing, i.e., he has suffered an injury in fact due to the alleged wrongful foreclosure.  He may not, however, represent Ms. McGhee.  Any amended complaint must be filed by March 30, 2015.

### III. CONCLUSION

The Court GRANTS the Motions and GRANTS leave to file an amended complaint by March 30, 2015.

**IT IS SO ORDERED.**